**No. 45018.**—Protest 993604–G of N. Y. Merchandise Co., Inc. (Los Angeles).

Opinion by EVANS, J. On the meager record it was held that a designation of "Ten percent" was a sufficient designation. Reap. Dec. 4710 cited. The protest was therefore overruled.

**No. 45019.**—Protests 896824–G, etc., of Frank P. Dow Co., Inc. (Los Angeles).

Opinion by EVANS, J. On the authority of *Lamborn* v. *United States* (27 C. C. P. A. 46, C. A. D. 60) the protests were dismissed.

**No. 45020.**—Protest 916539–G of Pacific Fruit & Produce Co. (Seattle).

Opinion by EVANS, J. On the authority of *Lamborn* v. *United States* (27 C. C. P. A. 46, C. A. D. 60) the protest was dismissed.

**No. 45021.**—Protest 961687–G of Sun On Chong & Co. (San Francisco).

Opinion by EVANS, J. It was stipulated that the apricot kernels in question are similar to those the subject of Abstract 34104. The claim at 3 cents per pound under paragraph 762 was therefore sustained.

**No. 45022.**—Protest 826756–G of T. Fukushima (Philadelphia).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of Abstract 32355 the mandarin oranges in question were held dutiable at 1 cent per pound under paragraph 743 as claimed.

**No. 45023.**—Protests 800466–G, etc., of Premier Peat Moss Corp. (Boston).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319) the claim for free entry under paragraph 1685 was sustained.

**No. 45024.**—Protests 789329–G, etc., of Consumers Import Co., Inc. (Baltimore).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319) the claim for free entry under paragraph 1685 was sustained.

**No. 45025.**—Protests 770479–G, etc., of Consumers Import Co. et al. (Philadelphia).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319) the claim for free entry under paragraph 1685 was sustained.